UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-140R

ALLYN HORNICK                                                                                    PLAINTIFF

v.

AMERICAN COMMERCIAL BARGE LINE                                           DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Protective Order precluding Plaintiff's attorney from ex parte contact with Defendant's employees whose statements could constitute an admission of Defendant under the Federal Rules of Evidence (Docket #17). Plaintiff has filed a response (Docket #20) to which Defendant has replied (Docket #21). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This action is maritime personal injury in nature and arises from an incident of personal injury which occurred on March 27, 2007, while Plaintiff was onboard Defendant's vessel, the M/V Tom Frazier. Plaintiff served as the Chief Engineer of the vessel. Plaintiff claims that he was assaulted by the vessel's Captain, William Richardson. Plaintiff believes that all or part of the incident was witnessed by non-supervisory vessel personnel and that non-supervisory vessel personnel had witnessed prior incidents of assault and/or battery perpetrated by Richardson upon other non-supervisory vessel personnel. Plaintiff's counsel has announced his intention to conduct ex parte interviews of crew members and requested full contact information for all crew members,

with the exception of the captain and pilot, from Defendant.

## DISCUSSION

Defendant argues that under the current version of Fed. R. Evid. 801(d)(2)(D) courts now recognize that the ethical rules of practice preclude *ex parte* contact with non-managerial employees whose statements could be offered as an admission of the represented employer.  Defendant seeks a protective order prohibiting Plaintiff's counsel from *ex parte* contact with crew member employees of the M/V Tom Frazier or, in the alternative, an order stating that any out-of-court statement obtained by Plaintiff's counsel through *ex parte* contact with crew member employees of the M/V Tom Frazier shall be inadmissible into evidence as a statement or admission of Defendant.

## I.    INTERACTION BETWEEN THE ETHICAL RULES AND FELA

Under Rule 83.3 of the Joint Local Rules for Civil Practice for the United States District Courts of the Eastern and Western District of Kentucky, federal courts in Kentucky apply the rules adopted by the Kentucky Supreme Court governing professional conduct.  Kentucky Supreme Court Rule 3.120(4.2) states that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

Plaintiff argues that Section 60 of the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*, allows Plaintiff to contact Defendant's employees without the presence of Defendant's counsel.  The Sixth Circuit has held that, pursuant to 46 U.S.C. § 30103, FELA rules and decisions also govern Jones Act litigation.[1]  *Yehia v. Rouge Steel Corp.*, 898 F.2d 1178, 1184 (6th Cir. 1990).

---

[1]  46 U.S.C. § 30103 provides, in pertinent part:

A seaman injured in the course of employment or, if the seaman

2

Section 60 of FELA states, in pertinent part:

> Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense: Provided, that nothing herein contained shall be construed to void any contract, rule, or regulation with respect to any information contained in the files of the carrier, or other privileged or confidential reports.

45 U.S.C. § 60.  Plaintiff's counsel is a "person in interest" within the meaning of Section 60.  *Sheet Metal Workers Int'l Ass'n v. Burlington N. R.R. Co.*, 736 F.2d 1250, 1251-52 (8th Cir. 1984).

There is a sharp division among district courts on the question of whether Section 60 of FELA overrides ethical rules prohibiting a plaintiff's lawyer from contacting employees of a defendant in a railroad or Jones Act action without the awareness of defense counsel.[2]  It appears

---

dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer.  Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

[2]  For cases interpreting Section 60 of FELA as superseding or preempting the ethical rule *see Pratt v. Nat'l R.R. Passenger Corp.*, 54 F. Supp. 2d 78 (D. Mass. 1999); *Blasena v. Consol. Rail Corp.*, 898 F. Supp. 282 (D.N.J. 1995); *United Transp. Union Local Unions 385 & 77 v. Metro-North Commuter R.R. Co.*, No. 94 Civ. 2979, 1995 U.S. Dist. LEXIS 15989 (S.D.N.Y. Oct. 27, 1995).

For cases applying the ethical rule over Section 60 of FELA *see Weibrecht v. S. Ill. Transfer, Inc.*, 241 F.3d 875 (7th Cir. 2001); *Groppo v. Zappa, Inc.*, No. 03-CV-10384-MEL, 2005 U.S. Dist. LEXIS 5651 (D. Mass. Mar. 30, 2005); *In re PMD Enters. Inc.*, 215 F. Supp. 2d 519 (D.N.J. 2002); *Lewis v. CSX Transp., Inc.*, 202 F.R.D. 464 (W.D. Va. 2001); *Woodard v. Nabors Offshore Corp.*, No. 002461, 2001 U.S. Dist. LEXIS 177 (E.D. La. Jan. 4, 2001); *Belote*

3

that the Seventh Circuit in *Weibrecht v. Southern Illinois Transfer, Inc.*, 241 F.3d 875 (7th Cir. 2001), is the only Court of Appeals to have ruled on this issue.

In *Weibrecht*, the representative of a deckhand who drowned while helping secure a barge to a tug sued the decedent's employer, the owner of the vessel, under the Jones Act. *Id.* at 877. Two days before the scheduled deposition of the tug's pilot, the plaintiff, at the suggestion of his attorney, called the pilot and discussed the plaintiff's theory of the case. *Id.* The plaintiff also suggested that the pilot contact the plaintiff's attorney. *Id.* The next day, the plaintiff's attorney called the pilot and left a message asking him to call back. *Id.* at 878. The defendant moved for sanctions claiming that the two calls violated Illinois Rule of Professional Conduct 4.2.[3] *Id.* The plaintiff's counsel contended that the contacts were permissible under Section 60 of FELA because Section 60 superseded rule 4.2. *Id.* at 879. The plaintiff's counsel argued that because rule 4.2 might prevent maritime employees from voluntarily providing relevant information about an accident giving rise to a Jones Act action, it is exactly the kind of "rule, regulation, or device" that Section 60 declares void. *Id.* However, the Seventh Circuit found no "irreconcilable conflict" between Section 60 and rule 4.2, and held that Section 60 did not supersede rule 4.2. *Id.* at 880.

---

*v. Maritrans Operating Partners, L.P.*, No. 97-3993, 1998 U.S. Dist. LEXIS 3571 (E.D. Pa. Mar. 20, 1998); *Tucker v. Norflok & W. Ry. Co.*, 849 F. Supp. 1096 (E.D. Va. 1994).

[3] The Southern District of Illinois has adopted Illinois' ethical rules as its own rules of professional conduct. *Weibrecht*, 241 F.3d at 878. Illinois Rule of Professional Conduct 4.2, which is substantially similar to Kentucky Supreme Court Rule 3.120(4.2), reads as follows:

> During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

4

The Seventh Circuit found that Section 60 prohibits rules that prevent railroad or maritime employees from furnishing information about a worker's injury or death, but that "nothing in [Section] 60 necessarily requires that the plaintiff's lawyer be allowed to gather information outside the presence of an employee's attorney." *Id.* The court concluded that if an employee was represented, rule 4.2 requires the plaintiff's attorney "to go through the employee's lawyer (who is most likely the company's lawyer) to schedule a deposition or otherwise gain information from the employee." *Id.* The court found that such a requirement did not amount to "a rule or device that prevents the employee from furnishing information to the plaintiff's attorney." *Id.*

Moreover, the Seventh Circuit stated that if it read the word "prevent" in Section 60 to include the "marginal deterrence" imposed by rule 4.2, then it "would effectively be finding that FELA and the Jones Act were intended to displace generally applicable ethical rules." *Id.* The court found no evidence of such an intent in either the text or the legislative history of either statute. *Id*. The court noted that when Section 60 was enacted in 1939, "the attorney ethical rule against contacting represented parties was an ingrained part of the legal system," and "[h]ad Congress wanted [Section] 60 to override such a long-standing rule of legal ethics, it easily could have said explicitly that it was doing so." *Id.*

The Seventh Circuit also rejected the alternative argument that Section 60 satisfies rule 4.2's exception for contacts with represented parties when "otherwise . . . authorized by law," finding that Section 60, by its terms, does not authorize anything. *Id.* "Rather [Section] 60 is a prohibition on certain conduct by railroads and maritime employers: these employers are forbidden from enacting rules or regulations that prevent employees from disclosing information to FELA or Jones Act plaintiffs." *Id.* at 880-81. The court observed that Section 60's reference to a "rule, regulation, or

5

device" "appears to refer only to internal rules or regulations promulgated by employers." *Id.* at 881. The court found that even if Section 60 were read more broadly, there is "nothing to suggest that it was designed to authorize conduct that would otherwise violate general ethical rules."

This Court finds the analysis of the Seventh Circuit in *Weibrecht* to be compelling. Plaintiff asserts that *Weibrecht* has been superceded and is no longer of any force or effect to the language of 46 U.S.C. § 30104 as the Jones Act was revised in 2006, after *Weibrecht* was decided, and still includes the provision that "the laws of the United States regulating recovery for personal injury to, or death of, a railroad employee apply to an action under this section." However, this Court finds that the continued inclusion of this provision does not indicate a Congressional intent that FELA and the Jones act were intended to displace generally applicable ethical rules. If Congress had intended to displace these ethical rules it could have explicitly said that it was doing so. *See id.* at 880.

> Without an expression of Congressional intent to the contrary, it would be unsound to hold that a provision of a federal statute preempts a well-established state rule, especially in light of the fact that the regulation of the ethical conduct of lawyers is inherently within the purview of state courts, and that the provisions of [the ethical rule] are generally applicable in most, if not all, states.

*Groppo v. Zappa, Inc.*, No. 03-CV-10384-MEL, 2005 U.S. Dist. LEXIS 5651 (D. Mass. Mar. 30, 2005).

Accordingly this Court concludes that Section 60 of FELA does not take precedence over SCR 3.120(4.2) nor does Section 60 satisfy the rule's exception for contacts with represented parties when "otherwise . . . authorized by law." This Court must therefore determine whether the crew members, with the exception of the captain and pilot, are represented parties under SCR 3.120(4.2).

## II.   DEFINITION OF REPRESENTED PARTY

SCR 3.120(4.2) prohibits a lawyer when representing a client in a matter from

6

communicating with a party the lawyer knows to be represented in that matter about the subject of the representation unless that lawyer has the consent of the other party's lawyer or is authorized by law to do so. The commentary to the rule states:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Pursuant to Fed. R. Evid. 801(d)(2)(D), a statement offered against an employer made by an employee concerning a matter within the scope of his employment, which was made during the employment relationship, constitutes an admission of the employer.

In Formal Ethics Opinion KBA E-382, the Kentucky Bar Association addressed SCR 3.120(4.2). They wrote:

> To illustrate, assume that the Acme Storage Company has four employees: Al the president, Bob a loader, Carl a loader and Diana a secretary. One day there is an accident on the loading dock in which Pete, who was delivering goods, was injured by the alleged negligence of Bob. Carl was working on the dock and observed the accident. Diana was taking a break on the loading dock to have a smoke and also observed the accident. Pete's lawyer notifies Acme of his intent to sue Acme for the negligence of Bob and Acme's lawyer notifies Pete's lawyer that none of the Acme employees are to be interviewed without consent. Pete's lawyer:
>
> 1) may not interview Al without consent because Al has managerial responsibility;
>
> 2) may not interview Bob without consent because his act (driving the truck) may be imputed to Acme;
>
> 3) may not interview Carl without consent because it is contemplated that he will be asked about matters within the scope of his employment (the operation of the loading dock) and any statement he makes in that regard will

be an evidentiary admission of Acme under KRE 801A(d)(2)(D)[4];

4)     may interview Diana without consent because it is not contemplated that Diana will be asked any questions about matters within the scope of her employment.

KBA, Ethics Op. KBA E-382 (1995).

The employees which Plaintiff's counsel wishes to interview are similar to Diana in the above example. Plaintiff's counsel seeks to conduct ex parte interviews of crew members concerning Richardson's alleged assault of Plaintiff and other prior incidents of assault and/or battery perpetrated by Richardson upon other non-supervisory vessel personnel. This Court cannot find how Richardson's assault or battery of any member of the crew would come within the scope of these crew member's employment. However, if Plaintiff's counsel ex parte contact with these crew members results in a statement that would constitute an admission of Defendant under Fed. R. Evid. 801(d)(2)(D), this Court finds that such statement shall be inadmissible into evidence as a statement or admission of Defendant.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

Plaintiff's counsel may conduct ex parte interviews of these crew members and Defendant shall provide Plaintiff with the requested contact information. However, any statement resulting

---

[4] There is no KRE 801A(d)(2)(D) nor did one exist at the time that Formal Ethics Opinion KBA E-382 was written. However, it is clear from the context of the ethics opinion that the Kentucky Bar Association was actually referring to KRE 801A(b)(4) which closely mirrors Fed. R. Evid. 801(d)(2)(D). KRE 801A(b)(4) states that a statement shall be considered an admission of a party if it is offered against that party and is "[a] statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

8

from Plaintiff's counsel's ex parte contact with these crew members that would constitute an admission of Defendant under Fed. R. Evid. 801(d)(2)(D) shall be inadmissible into evidence as a statement or admission of Defendant

      An appropriate order shall issue.